UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **DIAMOND WRIGHT,** ) | |
| ) | |
| Plaintiff, ) | Case: 1:23-cv-01009 |
| ) | |
| v. ) | |
| ) | |
| **DEARBORN WHOLESALE GROCERS,** ) | |
| **INC.,** ) | Jury Trial Demanded |
| ) | |
| Defendant. ) | |

# COMPLAINT

Plaintiff, Diamond Wright ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Dearborn Wholesale Grocers, Inc. ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII") and (775ILCS5/) Illinois Human Rights ("IHRA") for Defendant's sexual harassment, sex-based discrimination against Plaintiff and retaliation against Plaintiff in violation of Title VII

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1391(b) insofar as Defendant

operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

4. Count III, and IV have pendent jurisdiction and supplementary jurisdiction through 28 U.S.C. Section 1367.

## ADMINISTRATIVE PREREQUISITES

5. All conditions precedent to jurisdiction under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII") and (775ILCS5/) Illinois Human Rights ("IHRA"), have occurred or been complied with.

6. A charge of employment discrimination on basis of sexual harassment and sex-based discrimination was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") and Illinois Department of Human Rights ("IDHR") pursuant to their work-sharing agreement (Attached hereto as Exhibit "A").

7. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of his receipt of the EEOC's Notice of Right to Sue.

## PARTIES

8. At all times material to the allegations of this Complaint, Plaintiff, Diamond Wright, resides in Cook County in the State of Illinois.

9. At all times material to the allegations in this Complaint, Defendant, Dearborn Wholesale Grocers, Inc., is a corporation doing business in and for Cook County whose address is 1849 W. 79th Street Chicago, IL 60620.

10. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

2

11. Defendant operates multiple locations and during the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## BACKGROUND FACTS

12. Plaintiff (female) was hired at Dearborn Wholesale Grocers as a Cashier on July 15 2019.

13. Plaintiff was subjected to sexual harassment and sex discrimination to the point that she was constructively discharged because the near daily sexual harassment created such intolerable conditions of employment that no reasonable person would remain employed.

14. Since at least July 15, 2019 through July 01, 2022, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within her protected class and has been subjected to a sexual harassment, violating Title VII.

15. Plaintiff is female and is a member of a protected class because of her sex whom Defendant subjected to different terms and conditions of employment than others not within her protected class.

16. Shortly after being hired, Plaintiff experienced frequent sexual harassment by Store Owner, Sirage Khalil.

17. On many occasions Store Owner, Mr. Khalil would ask Plaintiff sexually derived questions such as, "Do you know how to please a man?..."Will you date me?"

18. Plaintiff continuously declined Mr. Khalil's advances, and because Plaintiff rejected his sexual advances Plaintiff's hours were reduced in retaliation.

19. Each time Plaintiff would laugh in the store Owner Khalil would always make

comments such as, "You laugh like a whore."

20. Despite Plaintiff's repeated rejection of Owner Khalil advances, the sexual harassment became more severe and pervasive.

21. Shockingly, on or about March 3, 2022, Owner Khalil printed out a Muslim marriage contract, presented it to Plaintiff, and said, "Will you marry me?", and "We can go to the Church and then go to Vegas".

22. When Plaintiff rejected his offer, Owner Khalil again reduced Plaintiff's hours, changed her schedule so that she would start work at 6:30 a.m., and he also stopped allowing Plaintiff to use the credit card machine, even though using the credit card machine was a major part of my job, as a cashier.

23. Additionally, Owner Khalil no longer allowed Plaintiff to take a lunch break.

24. Plaintiff felt helpless as Mr. Khalil is the store owner, and his partners are his brother and cousin.

25. Plaintiff had no one to report to and due to the mental stress of being subjected to sexual harassment with no resource within the establishment to stop the sexual harassment, Plaintiff needed a medical leave.

26. On or about April 1, 2022, Plaintiff took a leave of absence for two weeks because the stress of the continuous sexual harassment was unbearable.

27. When Plaintiff returned the harassment resumed immediately.

28. On or about June 2, 2022, Owner Khalil printed out another Muslim marriage contract and demanded Plaintiff to marry him.

29. At some point, Owner Khalil even offered Plaintiff $10,000 to marry him (*quid pro quo*).

30. The sexual harassment made the employment conditions so unbearable that Plaintiff nor any reasonable person could tolerate.

31. On or about July 1, 2022, Plaintiff was constructively discharged and accepted a new position an hour and a half away from Plaintiff's home in order to get away from Owner Khalil.

32. Plaintiff met or exceed Defendant's performance expectations during the entire duration of her employment.

33. Plaintiff suffered multiple adverse employment actions including, but not limited to being constructively discharged.

34. There is a basis for employer liability for the sexual harassment that Plaintiff was subjected to.

35. As a direct and proximate result of the sexual harassment and sex-based discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT I
### Violation of Title VII of the Civil Rights Act of 1964
### (Sexual Harassment)

36. Plaintiff repeats and re-alleges paragraphs 1- 35 as if fully stated herein.

37. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed the Plaintiff on the basis of her sex, female, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

38. Defendant knew or should have known of the harassment.

39. The sexual harassment was severe or pervasive.

40. The sexual harassment was offensive subjectively and objectively.

41. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to her sex, female.

42. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

43. As a direct and proximate result of the sexual harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT II
### Violation of Title VII of the Civil Rights Act of 1964
### (Sex-Based Discrimination – Constructive Discharged)

44. Plaintiff repeats and re-alleges paragraphs 1-35 as if fully stated herein.

45. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on her sex, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

46. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII of the Civil Rights Act of 1964.

47. Plaintiff suffered multiple adverse employment actions including, but not limited to being constructively discharged.

48. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to her sex, female.

49. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

50. As a direct and proximate result of the sex-based discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other

employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT III
### Violation of (775ILCS5/) Illinois Human Rights
### (Sexual Harassment)

51. Plaintiff repeats and re-alleges paragraphs 1- 35 as if fully stated herein.

52. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed the Plaintiff on the basis of her sex, female, in violation of (775ILCS5/) Illinois Human Rights.

53. Defendant knew or should have known of the harassment.

54. The sexual harassment was severe or pervasive.

55. The sexual harassment was offensive subjectively and objectively.

56. Plaintiff is a member of a protected class under (775ILCS5/) Illinois Human Rights., due to her sex, female.

57. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

58. As a direct and proximate result of the sexual harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT IV
### Violation of (775ILCS5/) Illinois Human Rights
### (Race-Based Discrimination – Constructive Discharged)

59. Plaintiff repeats and re-alleges paragraphs 1-35 as if fully stated herein.

60. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on her sex, in violation of (775ILCS5/) Illinois Human Rights.

61. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of (775ILCS5/) Illinois Human Rights.

62. Plaintiff suffered multiple adverse employment actions including, but not limited to being constructively discharged.

63. Plaintiff is a member of a protected class under (775ILCS5/) Illinois Human Rights, due to her sex, female.

64. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

65. As a direct and proximate result of the sex-based discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

    a.    Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Compensatory damages for emotional pain and suffering;

    e.    Pre-judgment and post-judgment interest;

    f.    Injunctive relief;

    g.    Liquidated damages;

    h.    Punitive damages;

    i.    Reasonable attorney's fees and costs; and

    j.    For any other relief this Court may deem just and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 20th day of February, 2023.

/s/ *Nathan C. Volheim*
**NATHAN C. VOLHEIM, ESQ.**
SULAIMAN LAW GROUP LTD.
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 568-3056
Fax (630) 575 - 8188
E-mail: nvolheim@sulaimanlaw.com
*Attorney for Plaintiff*

/s/ *Chad W. Eisenback*
**CHAD W. EISENBACK, ESQ.**
IL Bar No.: 6340657
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (331) 307 - 7632
Fax (630) 575 - 8188
ceisenback@sulaimanlaw.com
*Attorney for Plaintiff*